## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| REBECCA DUNIVIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LIFE INSURANCE COMPANY OF )<br>NORTH AMERICA, )<br>)<br>   Serve: )<br>   1601 Chestnut Street )<br>   Philadelphia, PA 19192 )<br>)<br>and, )<br>)<br>CLOUD PEAK ENERGY )<br> RESOURCES, LLC )<br>)<br>   Serve: )<br>   Plan Administrator )<br>   385 Interlocken Cresent )<br>   Broomfield, CO 80021-8067 )<br>)<br>   Defendants. ) | Case No.: |

## **COMPLAINT**

COMES NOW, Plaintiff, Rebecca Dunivin, by and through counsel, Bollwerk & Tatlow, LLC., and for her Complaint states as follows:

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Sec. 1001 et seq. (ERISA), to recover benefits due under an employee benefit plan, and to recover costs and attorneys' fees.

### **JURISDICTION AND VENUE**

2. This is an action brought pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. Under 29 U.S.C. § 1132(f), this Court has jurisdiction without respect to the

amount in controversy or the citizenship of the parties.

3. Venue is proper in this District Court pursuant to 29 U.S.C. § 1132(e)(2), in that the subject employee welfare benefit plan and employee insurance program are administered in this District, the breaches of duty herein alleged occurred in this District, or a Defendant resides or may be found in this District, and, pursuant to 28 U.S.C. § 1391(b), in that the cause of action arose in this District.

## PARTIES

4. Plaintiff Rebecca Dunivin (hereinafter "Plaintiff") is an individual residing in Missouri. Plaintiff is a vested participant in the Group Insurance Plan (hereinafter "the Plan) for certain employees of Cloud Peak Energy Resources (hereinafter "Cloud Peak) which provides an employee benefit plan within the meaning of 29 U.S.C § 1002. She has standing to bring this action under 29 U.S.C. § 1132 (a).

5. Defendant Life Insurance Company of North America, doing business as Cigna Insurance Company (hereinafter "Defendant Cigna") and Defendant Cloud Peak Energy Resources, LLC., ( Hereafter referred to as Cloud Peak) provide coverage for certain employees of Cloud Peak under an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1). Cigna was an administrator of a disability benefits plan operated by Cloud Peak.

6. Defendant Cigna operates its business in Missouri and thus is authorized to be sued in Missouri. Defendant Cloud Peak is a foreign corporation authorized to be sued in Missouri.

7. Cloud Peak did business in Gillette, Wyoming but is a corporation headquartered

2

in Broomfield, Colorado. Cloud Peak is a fiduciary of the Plan within the meaning of 29 U.S.C. § 1002(21)(A). Cloud Peak is a "party in interest" within the meaning of 29 U.S.C. § 1002(14).

8. Cigna is the insurance company offering coverage under the Plan. Cigna makes its decision in conjunction with Cloud Peak regarding coverage under the Plan as one of the Claims Administrators. Cigna is designated as a fiduciary by Cloud Peak under the terms of the plan.

## COUNT I: BENEFITS
## DUNIVIN v. CIGNA

COMES NOW, Plaintiff by and through counsel and for Count I of her Complaint against Life Insurance Company of North America, doing business as Cigna and states the following:

9. Plaintiff incorporates by reference paragraphs # 1-8 of the above herein as if fully set out.

10. Under the Plan, an Employee is disabled and due benefits if, solely because injury or sickness, he or she is:

   a. unable to perform the material duties of his/her regular occupation; and
   b. unable to earn 80% or more of his/her indexed earnings from working his/her regular occupation.

11. Under the Plan, after benefits have been payable for 24 months, an individual is considered disabled if, solely due to sickness or injury, he/she is:

   a. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training, or experience;

3

and

    b. unable to earn 60% or more of his or her indexed earnings.

12. Plaintiff was a full time employee and actively at work for Cloud Peak since July 17, 2006 until January 30, 2010. During this period of time, she was a "covered person" under the Plan and eligible for benefits.

13. During that period of time, Plaintiff became disabled for more than twenty-four (24) months. On January 30th, 2010, Cigna determined that Mrs. Dunivin was totally disabled from performing her regular occupation.

14. On July 2, 2010, Cigna approved Mrs. Dunivin for Long Term Disability benefits, as plaintiff became disabled through sickness, injury or both. She was not able to perform the material and substantive duties of her job during the first twenty four (24) months of her disability, and thereafter has not been able to perform the material and substantial duties of any gainful job for which she is reasonably fitted by her education, training, or experience. As such, she is entitled to Total and Permanent Disability benefits under the Plan.

15. On December 12, 2010, the Social Security Administration found Mrs. Dunivin to be permanently and totally disabled, and on October 6, 2011, subsequently found that Plaintiff's current and past education, experience, and training and that her conditions precluded all employment, including sedentary work. Ms. Dunivin's conditions render Plaintiff permanently and totally disabled and unable to engage in any gainful or meaningful employment in any capacity in the open labor market, but she is also unable to work in any employment based upon her age, experience and education.

    a. Since December 1st, 2013 the Social Security Administration determined that

4

plaintiff's condition to her spine and arms had worsened to the point that she could not perform any of her past relevant work (which were sedentary bookkeeping positions) or her own employment.

16. On June 29, 2012, Cigna determined that Mrs. Dunivin was disabled from performing *any* occupation, but later changed their decision to claim she was not disabled.

17. Plaintiff's claim for Long Term Disability benefits from Cigna was denied on or about 9/02/2014. Plaintiff alleged that she was totally and permanently disabled such that she could not perform any job in the open labor market that she was qualified to perform based on her education training and work experience and earn 60% of her prior indexed earnings. Plaintiff alleged that her disability resulted from a combination of physical and mental deficits included but not limited to;

   a. pain in the neck, head, and shoulders;
   b. pain in ears, neck, and throat;
   c. persistent headaches;
   d. a history of kidney cancer, neck pain, and bronchitis;
   e. mild levoscoliosis, L5-S1;
   f. incidental venous angioma in the region of the genu of the left internal capsule;
   g. intervertbral osteochondrosis and spondylosis with posterior disc osteophyte complex with epdirual adipose tissue effacement and mild L5-S1 facet joint osteoarthritic changes;
   h. Low back pain and moderate left posterior leg pain subsequent a microdiskectomy.

18. Plaintiff supported her allegations with objective medical evidence including medical records from her treating physicians, including a report from her primary care physician, Dr. Beverly Denton, and her back surgeon, Dr. Kyle Colle. With recorded statements from herself and a neighbor who served as a caregiver and completed household services and drove Plaintiff to and from the doctor.

19. Cigna and Cloud Peak initially denied Plaintiff's claim on September 2, 2014. Plaintiff submitted a request appeal and for reconsideration with new evidence to Cigna within the timeframe specified in the plan and continued to provide written proof of loss and evidence of disability as required by Defendants until the appeal was finally denied on 9/20/2016. Cigna and Cloud Peak again denied Plaintiff's request.

20. Defendants have not claimed that Plaintiff was not covered under the plan; they only claim that Plaintiff's disability does not preclude her from performing the duties of a job that would allow her to earn at least 60% of her indexed earnings.

WHEREFORE, Plaintiff moves for judgment on benefits against Defendant, Life Insurance Company of North America d/b/a, Cigna, for interest, attorney's fees, and such further relief as the Court deems appropriate.

### COUNT II: BREACH OF FIDUCIARY DUTY
### DUNIVIN v. CIGNA & CLOUD PEAK

COMES NOW, Plaintiff and for Count II against Life Insurance Company of North America, d/b/a/, Cigna and Cloud Peak states the following:

21. Paragraphs # 1-20 are re-alleged and incorporated herein by this reference.

22. Defendants acted arbitrarily and capriciously in denying Plaintiffs' claim while

attempting to create the appearance of a valid review by focusing only on the records that suggested a less severe disability that were not supported by the record as a whole. Additionally, Defendants recklessly or intentionally provided false information regarding the content and extent of their communications with one or more of Plaintiff's health care providers, including Nurse Practitioner (N.P.) Ms. Denton, in order to create a false impression that they based their decision on a valid and impartial review. Specifically, Cigna claims that on October 13, 2015, Ms. Denton informed Cigna through a telephone conversation that Ms. Dunivin, "Was not totally incapacitated and could return to work with accommodations." However, Ms. Denton vigorously refutes this allegation. According to Ms. Denton, the phone call she took was a thirty second call and she told them the following, "Ms. Dunivin's conditions have not changed. She continues to have neck pain with numbness and tingling in her arms and hand bilaterally". Dr. Denton told them "in fact, if anything, her condition had worsened as she had to have back surgery."

23. Both Defendants also failed to produce plan/claim documents and records requested by plaintiff and plaintiff's counsel on numerous occasions.

   a. Plaintiff requested plan documents from Cigna and Cloud Peak on 9/24/2014.

   b. Counsel for plaintiff made additional requests for plan documents on 2/26/2015, 3/3/2015, 5/7/2015, and 6/25/2015.

   c. On March 27, 2015, Cigna responded to counsel's request by producing various plan documents and claims file records, and indicated that the request for additional information was being processed. Cigna advised that counsel should be in receipt of the requested information by 4/24/2015, and that the appeal deadline was 5/9/2015. On 4/23/2015, Cigna wrote to plaintiff's counsel again

and advised that the request for information was still being processed and the information should be received by 5/20/2015. Still no further documents were produced. On 5/18/2015, Cigna wrote to plaintiff's counsel again and stated the requested documents should be received by 5/22/15. On 7/7/2015, Cigna advised that they had produced "everything" from Mrs. Dunivin's claims file and plaintiff had 30 days to complete her appeal, even though it had not. In that same letter, Cigna further advised that it had exhausted all efforts to get the Summary Plan Description from Cloud Peak.

d. On 7/16/2015, Cloud Peak wrote to counsel for plaintiff apologizing for the delay in responding to the request for documents and providing a copy of the Summary Plan Description, but not all documents that were requested.

e. Both defendants failure to produce proper plan documents and to allow Plaintiff sufficient time to appeal the denial after timely producing some of the plan documents but not all of the plan documents is a breach of Cigna and Cloud Peak's fiduciary duties and a violation of ERISA's disclosure requirements, including 29 U.S.C. § 1022 and 29 C.F.R. § 2520.102-3. It also prevented Plaintiff from receiving a full and fair review.

24. By conjuring up a false narrative of the facts, Cigna made a false claim against a certified medical professional designed to deny Ms. Dunivin's legitimate long-term disability claim. This conduct constitutes a fraudulent claim's practice under Missouri State Insurance Regulations and the Department of Labor Regulations. For these reasons explained above, Defendants acted fraudulently and in bad faith, breaching their fiduciary duty to Plaintiff. Due to the procedural irregularities described above Defendants are not

entitled to deferential review. In addition, the plan documents that were produced do not give the claim's administrator absolute discretion to interpret the terms of the plan and review should be *de novo* on benefits, but a jury trial should be allowed on the breach of fiduciary duty claim.

25. Plaintiff believes that Cigna is engaging in a pattern and practice of a fraudulent denial of disability claims in this case and others, including S.T. (name confidential), R.G. (name confidential), R.P. (name confidential), and by hiring consultants, practitioners, or medical doctors who introduce false evidence in the claim's process, who misstate treating physician's findings, who ignore substantial and competent evidence, all in an effort to make more money for the company. These other cases are similar to Plaintiff's case in several respects including: they are all claims of Long-Term Disability, the parties are all over 50 years old, three are in their upper 50's, all have obtained Social Security Disability income, none have done any work for years, Cigna approved all but one of all of them for a long period, then cut them off after the definition of disability changed when they were already on Social Security, hired consultants who said they weren't disabled and either made up things or falsely claimed the person could do tests or physical activities that the person(s) could not perform, and denied their claims. Plaintiff has suffered actual harm as a result of the breaches of fiduciary duties as described as above, as Plaintiff paid a substantial amount of money in premiums for certain benefits in the event she became totally and permanently disabled, and she now is being denied the benefits she believe she was paying for all along. In each of the above cases, Cigna used the Social Security decision to offset their monthly benefits so they would pay less to the insured Plaintiffs, and required them to apply for Social Security,

but then ignored or discounted the final Social Security decisions after they said they don't follow Social Security decisions, even though they used the decision to reduce the persons' benefits. In each case, Cigna denied objective evidence of the disability.

26. As a result of these breaches of fiduciary duties, Cloud Peak and Cigna have wrongfully retained benefits under the Plan in an amount that is presently unknown, but which continues to accrue monthly.

WHEREFORE, Plaintiff moves for judgment on breach of fiduciary duty against Defendant, Life Insurance Company of North America d/b/a, Cigna and Cloud Peak for damages, interest and attorney's fees and for such further relief as the court deems appropriate.

## COUNT III: PENALTIES AND DAMAGES
## PLAINTIFF, DUNIVIN v. CIGNA and CLOUD PEAK ENERGY, LLC.

COMES NOW Plaintiff and for Count III against Life Insurance Company of North America, d/b/a/, Cigna and Cloud Peak states the following:

27. COMES NOW Plaintiff and incorporates by reference paragraphs #1-26 as if fully set-out herein. Plaintiff is entitled to disability benefits under the Plain in the principal amount that is presently unknown but continues to accrue monthly, plus interest from the date of her initial application to the date of judgment.

28. Plaintiff is entitled to recover reasonable penalties, attorneys' fees and costs of this action, pursuant to 29 U.S.C. § 1132(g), based upon Defendant's failure to produce the plan documents referred to in Count II.

29. Defendants failed to produce the requested plan documents pursuant to

certified mail on numerous occasions. The failure to provide all of the plan documents to Plaintiff despite written demand for the same has prejudiced Plaintiff's ability to appeal her denial and Defendant should be liable for $110 per day as statutory damages. This penalty of $110 per day is payable from 30 days after the first request for documents was made on 2/26/2015 to present, or until full production of such documents. This also caused Plaintiff not to get a full and fair review.

30. Plaintiff has been deprived of the use of interest on the amounts that should have been payable.

5. Plaintiff has been forced to hire an attorney and incur fees and expenses for that which should have been payable when due.

WHEREFORE, Plaintiff respectfully prays that this Court award her damages against Defendants Cigna and Cloud Peak for long-term disability benefits, for pre-judgment interest on past due sums, reasonable attorneys' fees and costs, and penalties of $110/day for the failure to produce the Plan documents within the applicable time periods under applicable Federal Law, for post-judgment interest and for such other relief as this Court deems just and proper under the circumstances, including equitable relief to enjoin Defendants from engaging in such behavior in the future.

Respectfully submitted,

//S// Phillip A. Tatlow
Phillip A. Tatlow, #41364 MO
Bollwerk & Tatlow, LLC
10525 Big Bend Boulevard
Kirkwood, MO 63122
(314) 315-8111 (314) 315-8113 (Fax)
pat@bollwerktatlow.com

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | | |
|---|---|---|
| Rebecca Dunivin | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Life Ins. Co. of N.Amer d/b/a Cigna Ins. Grp., et al | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: Life Insurance Company of North America d/b/a Cigna Insurance Group & Cloud Peak Energy Resources, LLC.
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __45__ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: __5-17-17__

_____
*Signature of the attorney or unrepresented party*

Phillip A. Tatlow
*Printed name*

Bollwerk & Tatlow, LLC.
10525 Big Bend Blvd.
St. Louis, MO 63122
*Address*

pat@bollwerktatlow.com
*E-mail address*

314-315-8111
*Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| Rebecca Dunivin | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| Life Ins. Co. of N.Amer d/b/a Cigna Grp. Ins., et al | ) |
| *Defendant* | ) |

**WAIVER OF THE SERVICE OF SUMMONS**

To:  Phillip A. Tatlow
  *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.